# REPORTS.

## SULLIVAN,

### DECEMBER TERM, A. D. 1859.

### PIKE *v.* CLARK.

On a conveyance of land to a married woman, and a mortgage back by her to secure the payment of the price, it was *held*, that such mortgage was void and inoperative, and that a creditor of the wife acquired no interest in the land by a sale upon execution of an equity of redemption.

THIS is an action of trover, brought by Lucy C. Pike against William Clark and Henry C. Cowles, to recover the value of certain articles, being the produce of a certain farm, situated in Newport. For a long time prior to February 24, 1845, the plaintiff had been the wife of Ephraim Pike, who at that time was insane and an inmate of an asylum for the insane. On said 24th of February, 1845, the said plaintiff became seized of said farm, and on the same day mortgaged the same to secure the purchase money ; which said mortgage has never been paid or discharged, but the interest due upon the debt for which said mortgage was given has been paid by the plaintiff herself, since the attachment of the defendants, hereafter mentioned.

VOL. XL.            2

Afterward said Ephraim Pike was discharged from the insane asylum, and lived with the plaintiff, as her husband, for a short time, when he deserted her, and has never lived or cohabited with her since, but has been living in adultery with another woman, under a pretended marriage, ever since; but the marriage between said Ephraim Pike and the plaintiff has never been dissolved. After she was so deserted, the plaintiff removed to Claremont, in the county of Sullivan, where she kept a boarding-house, and took the management and supervision of her own affairs, never being visited or interfered with by said Ephraim; and in the year 1855 she became indebted to the defendants for articles furnished by them for her boarding-house, at her request.

On the 26th of February, 1857, the defendants commenced an action against the present plaintiff, for the recovery of their said claim, and attached said farm; and having recovered judgment in said suit for $253.33 damages, and $6.73 costs, they took out an execution for the same, and on the 20th day of November, 1857, after having advertised the same the requisite length of time, they caused the supposed right in equity of the plaintiff to redeem said farm from said mortgage, to be sold upon said execution, and became themselves the purchasers.

It was agreed, for the purposes of this case, that if by these proceedings the defendants acquired any title to any interest in said farm, the plaintiff should become nonsuit; otherwise judgment should be rendered in her favor for the value of the property converted, to be assessed by the court at the next trial term.

*Burke & Waite*, for the plaintiff.

At the time of the execution of the mortgage mentioned in the case, the plaintiff, Lucy C. Pike, was a married woman, and no such circumstances existed as to enable her to contract as a *feme sole.* Comp. Stat., ch. 158,

sec. 1. The mortgage mentioned in the case was therefore *void* in the strict sense of the term. Nothing passed, or could pass by it; and it was incapable of ratification by any subsequent act of hers, under any circumstances. *Matthews* v. *Puffer*, 19 N. H. 448; *Murray* v. *Emmons*, 19 N. H. 483. The payment of the interest upon the note attempted to be secured by this mortgage, at a time when the plaintiff was enabled to contract as a *feme sole*, was a mere voluntary act of hers, so far as the mortgage was concerned. Allowing that it might operate as a ratification of the note, it could not thus affect the mortgage; for the deed of a married woman is void from the beginning, and incapable of ratification.

*Freeman & McClure*, for the defendants.

At the time the plaintiff became indebted to the defendants, she was entitled to a divorce from her husband. This authorized her to make contracts, to sue and be sued in her own name, as if she were sole and unmarried. She assumed to act and did act in that capacity. Compiled Statutes, ch. 157, sec. 3; ch. 158, secs. 1, 2, 3. The plaintiff's property became liable to be taken on execution, to satisfy the debts contracted by her, and the defendants, by the sale of her right in equity to redeem the farm, obtained all her interest in the same. The mortgage of the farm, executed by the plaintiff, was valid and subsisting at the time of the sale on the defendants' execution. A married woman may be the grantee in a deed, and the estate conveyed will vest in her, if her husband does not dissent, and if she assent after the coverture has been removed. *Marshall* v. *Pierce*, 12 N. H. 127; 2 Hill. Real Prop. (3d Ed.) 288; 4 Gr. Cru. 21. In this case, the plaintiff's husband did not interfere while they lived together, and she, by paying the interest on the purchase money since their separation, and by claiming to hold the farm, has assented to take under the deed. But the

plaintiff cannot claim to hold under the deed conveying the estate, and at the same time avoid the mortgage given to secure the purchase money. The deed and the mortgage were parts of one and the same transaction. By assenting to the deed she affirms the mortgage. *Roberts* v. *Wiggin*, 1 N. H. 73; *Robbins* v. *Eaton*, 10 N. H. 461. In a suit by the mortgagee to foreclose said mortgage, neither the plaintiff, nor those claiming under her, would be permitted to show that she was a *feme covert* at the time she executed said mortgage, and that her husband did not join with her. The mortgage would remain a lien upon the farm till the purchase money was paid. And if said farm had been set off to said defendants on their execution, at its just value, they would still have been compelled to pay the amount due on said mortgage. *Hatch* v. *Morris*, 3 Edw. Ch. 313; 1 Hill. Real Prop. 91. Payment of interest on the debt secured by the mortgage, since the plaintiff assumed to act as a *feme sole*, was in law a re-delivery of said mortgage, and for this reason the nature of said debt becomes immaterial. *Carter* v. *Straphan*, 1 Cowp. 201.

BELLOWS, J. On the 24th of February, 1845, the plaintiff acquired title to the farm in question, and on the same day mortgaged it back, to secure the payment of the purchase money. Her husband was then in the insane asylum. The case does not find that the farm was conveyed to her for her sole and separate use, and therefore her husband had a right to the use of the farm; but by the agreement of parties the sole question is, whether the defendants acquired an interest in the farm by the sale of the equity of redemption. Judgment was obtained against the plaintiff in February, 1857, and that must be treated as valid until reversed—it having been rendered in this State, as it would seem, and nothing stated that tends to impeach it. It then may be assumed, for the purposes of

this case, that the judgment was valid, and, being so, the creditors might levy their execution upon any property of hers.

The first question then is, have they made a good levy ? In some form, it would seem, her interest in the land might be taken upon this execution. But, to uphold the proceedings in this case, a valid mortgage was necessary. In *Murray* v. *Emmons*, 19 N. H. 483, it was held by *Woods*, J., that a lease by a married woman of land held in her own right is void. In that case the land was not held by her to her sole and separate use, but in her right, as in this case ; and at the time of the lease her husband was absent, and had been for twenty-five years, having gone to parts unknown. So in *Matthews* v. *Puffer*, 19 N. H. 448, *Woods*, J., holds the deed of a married woman to be void ; " a mere nullity, as respects its power to transfer any title, interest or possession. It was merely void, and it required neither entry, plea, or other act, on the part of the party executing it, or others whose rights might be concluded by its terms, to avoid it." In *Coffin* v. *Morrill*, 22 N. H. 352, where land was conveyed to the wife, and a mortgage was made by herself and husband at the same time, it would seem, to secure the purchase money, *Bell*, J., says, " The deed of the wife being inoperative, and her note as such merely void, the deed must be signed by the husband, to bind her estate." To the same effect are *Ela* v. *Card*, 2 N. H. 175, and cases there cited.

The mortgage must then be regarded as merely void, and not voidable. Nor do the provisions of Revised Statutes (ch. 149, sec. 1), affect the question. By the provisions of that law a married woman, deserted by her husband, has power to hold, in her own right and to her separate use, any property acquired by her, by descent, legacy or otherwise, and to dispose of the same without his interference. But as the case does not find a desertion by him until after the mortgage was made, the question

raised is simply, whether the deed of a married woman under ordinary circumstances has any validity whatever, or is merely void. And this question we consider to be settled by repeated decisions in this State.

We therefore hold that the mortgage of the wife was void, and that the sale upon the defendants' execution passed no title or interest in the farm.

In accordance with the provisions of the case, there must be judgment for the plaintiff, for the value of the property converted; the amount to be assessed by the court, at the next trial term in this county.